ORAL ARGUMENT SCHEDULED FOR MAY 9, 2016
_____

No. 16-1060 (Consolidated with No. 16-1071)
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

THE VIDEOHOUSE, INC., *et al.*

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION and

UNITED STATES OF AMERICA,

*Respondents.*
_____

## ON PETITIONS FOR REVIEW FROM AN ORDER OF
## THE FEDERAL COMMUNICATIONS COMMISSION

## CORRECTED BRIEF *AMICUS CURIAE* FOR LATINA BROADCASTERS OF DAYTONA BEACH, LLC IN SUPPORT OF NEITHER PARTY

David S. Wachen
HCH LEGAL, LLC
6400 Goldsboro Road, Suite 215
Bethesda, MD 20817
(301) 800-0001
dwachen@hchlegal.com

*Counsel for Latina Broadcasters
of Daytona Beach, LLC*

April 13, 2016

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), *amicus curiae* Latina Broadcasters of Daytona Beach, LLC ("Latina") certifies as follows:

## I. Parties and Amici

The Petitioners are The Videohouse, Inc. ("Videohouse"); Fifth Street Enterprises, LLC; and WMTM, LLC.

Respondents are the Federal Communications Commission ("FCC") and the United States of America.

The *amici* are LPTV Spectrum Rights Coalition and the Consumer Technology Association. Latina sought leave to file a Statement as *amicus curiae* in response to Petitioner Videohouse's Emergency Motion for Stay Pending Appeal. Latina's motion for leave is pending.

## II. Rulings Under Review

The rulings under review are set forth in the Certificate of Parties, Rulings, and Related Cases contained in the Brief for Petitioners filed on February 25, 2016.

## III. Related Cases

Related cases are set forth in the Certificate of Parties, Rulings, and Related Cases in the Brief for Petitioners filed on February 25, 2016, with the addition of the following:

i

Latina has filed Petitions for Review of the FCC order captioned *In the Matter of Expanding the Economic and Innovation Opportunities Spectrum Through Incentive Auctions, Order on Reconsideration*, FCC 16-12, GN Docket No. 12-268 (rel. Feb. 12, 2016), 81 Fed. Reg. 8843 (Feb. 23, 2016) ("*Order*"), which is among the orders challenged by Petitioners here.[1] Those cases are *Latina Broadcasters of Daytona Beach, LLC v. FCC*, Nos. 16-1065, 16-1069 (consolidated).

Walker Broadcasting, Inc. filed a mandamus action in this Court related to other matters concerning the television broadcast incentive auction involved in this case. That case is *In re Walker Broadcasting, Inc.*, No. 16-1066.

Counsel is aware of an additional case recently filed in this Court challenging the *Auction Order* and all related final orders and rules issued by the FCC, but the case does not appear to be related to this matter. *See Free Access Broadcast Tel., et al v. FCC*, No. 16-1100.

/s/ David S. Wachen
David S. Wachen

---

[1] To the extent necessary, Latina has also sought review of the FCC order captioned *In the Matter of Expanding the Economic and Innovation Opportunities of Spectrum Through Incentive Auctions*, Report and Order, GN Docket No. 12-268, 29 FCC Rcd. 6567 (2014), 79 Fed. Reg. 48442 (Aug. 15, 2014) ("*Auction Order*"), and all related final orders and rules issued by the FCC in the proceeding bearing the same caption. Petitioners here also challenge the *Auction Order* and related final orders.

# **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 26.1, Latina Broadcasters of Daytona Beach, LLC ("Latina") states: Latina has no parent company, and no publicly held company has a 10% or greater ownership interest in its stock.

# **TABLE OF CONTENTS**

**Page**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ..............i

CORPORATE DISCLOSURE STATEMENT ....................................................... iii

TABLE OF AUTHORITIES……………………………………………………….v

STATEMENT OF IDENTITY AND INTEREST IN CASE...................................vi

STATEMENT OF AUTHORSHIP AND FINANCIAL CONTRIBUTIONS ...... vii

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT……...................................................................................................3

   I.      THE FCC DID NOT FIND LATINA AND PETITIONERS SIMILARLY SITUATED, AND DID PROTECT LATINA ...........3

   II.     THE MERITS OF LATINA'S CASE ARE DIFFERENT FROM THE MERITS OF PETITIONERS' CASE ......................................6

CONCLUSION ........................................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# **TABLE OF AUTHORITIES**

*Authorities upon which we chiefly rely are marked with asterisks.

**Page(s)**

**Cases**

*Latina Broadcasters of Daytona Beach, LLC v. FCC*,
 Nos. 16-1065, 16-1069 (Mar. 17, 2016) ......................................................... 1, 2

**Other Authorities**

*Expanding the Economic and Innovation Opportunities of Spectrum Through Incentive Auctions*, Order on Reconsideration, GN Docket No. 12-268, FCC 16-12 (Feb. 12, 2016) [App. 1020] ....................................................... 2, 6-9

\* *Expanding the Economic and Innovation Opportunities of Spectrum Through Incentive Auctions*, Second Order on Reconsideration,
 30 FCC Rcd. 6746 (2015) [App. 745] .......................................................... 1, 3-6

\* FCC, Opposition, *In re Videohouse*, No. 15-1486
 (D.C. Cir., filed Dec. 28, 2015) ........................................................................ 5-7

Petitioner's Emergency Motion for Stay Pending Appeal, *Latina Broadcasters of Daytona Beach, LLC v. FCC*, Nos. 16-1065, 16-1069 (filed Feb. 26, 2016) .5, 7

Petitioner's Reply in Support of Emergency Motion for Stay Pending Appeal, *Latina Broadcasters of Daytona Beach, LLC v. FCC*, Nos. 16-1065, 16-1069 (filed Mar. 7, 2016) ........................................................................................ 5, 6

# STATEMENT OF IDENTITY AND INTEREST IN CASE

Latina Broadcasters of Daytona Beach, LLC ("Latina") respectfully submits this Brief as *amicus curiae*. Latina operates WDYB-CD, a Class A broadcast television station in Daytona Beach, Fla. Latina is owned by Nora Crosby Soto, a Hispanic woman who used her own money to form a broadcast company to serve the Latino community.

Like Petitioners, Latina has filed petitions for review with this Court challenging the FCC's Order on Reconsideration of February 12, 2016 ("*Order*"). On March 17, 2016, in response to Latina's Emergency Motion for Stay Pending Appeal, this Court ordered the FCC to permit Latina to "participate provisionally in the upcoming broadcast spectrum incentive auction ("Auction"), subject to the outcome of judicial review." *See Latina Broadcasters of Daytona Beach, LLC v. FCC*, Nos. 16-1065 (Doc. No. 1604578) (Mar. 17, 2016). The Court found that Latina had "satisfied the stringent requirements for this injunctive relief." *Id.*

Petitioners devote a considerable portion of their Reply Brief to discussing Latina and the circumstances surrounding Latina's Petitions for Review. Latina files this Brief not to take a position as to the merits of Petitioners' Petitions, but solely to clarify the FCC's treatment of Latina with respect to its eligibility to participate in the Auction, and related matters to the extent they are discussed by the parties in their briefs.

Prior to filing this Brief, Latina sought consent of all parties. Respondents consented. Petitioners said that they take no position on the filing of this Brief.

## **STATEMENT OF AUTHORSHIP AND FINANCIAL CONTRIBUTIONS**

Pursuant to Fed. R. App. P. 29(c)(5), Latina states that: no party's counsel authored this Brief in whole or in part; no party's counsel contributed money that was intended to fund preparing or submitting this Brief; and, no person, other than Latina or its counsel, contributed money that was intended to fund preparing or submitting this Brief.

Latina Broadcasters of Daytona Beach, LLC ("Latina") files this Brief as *amicus curiae* not to take a position as to the merits of this case, but solely to clarify the FCC's treatment of Latina with respect to its eligibility to participate in the broadcast television spectrum incentive auction and repacking (collectively "Auction").

## PRELIMINARY STATEMENT

In their opening brief and, to an even greater extent, in their reply brief, Petitioners refer extensively to Latina in an apparent attempt to benefit from the FCC's obvious mistreatment of Latina's station, WDYB-CD. In so doing, however, Petitioners misapprehend the FCC's treatment of WDYB. While Latina takes no position regarding the merits of Petitioners' Petitions, Latina seeks to clarify and correct the record as it pertains to WDYB, in part because Latina has its own petitions pending review in this Court.[2]

Petitioners misinterpret the *Second Order on Reconsideration*[3] to the extent they contend that the FCC "rul[ed] that Latina was similarly situated to Petitioners and not entitled to discretionary protection." Pet. Br. at 5. The FCC did not make any finding in that order that Petitioners and Latina were similarly situated with

---

[2] *See Latina Broadcasters of Daytona Beach, LLC v. FCC*, Nos. 16-1065, 16-1069.

[3] *Expanding the Economic and Innovation Opportunities of Spectrum Through Incentive Auctions*, Second Order on Reconsideration, 30 FCC Rcd. 6746 (2015) [App. 745] ("*Second Order on Reconsideration*" or "*Declaratory Ruling*").

1

respect to Auction eligibility. The FCC also did not "reverse[] course" as to Latina, as Petitioners claim, *id.*, when it identified Latina as eligible for the Auction, in light of the criteria for inclusion articulated in the FCC's *Declaratory Ruling*— criteria that Latina satisfied and that provided the rationale for Latina's inclusion. Thus, it was hardly surprising that the FCC specifically identified WDYB as Auction-eligible in June 2015.

Petitioners are, however, correct that nine months later,[4] the FCC majority "reversed course and dropped Latina from the auction … without *any* change in circumstances" regarding Latina. *Id.* at 5-6 (emphasis in original).

While both Latina and Petitioners have filed Petitions for Review with this Court challenging the *Order*,[5] the circumstances of Latina and Petitioners are different in several respects. Unlike Petitioners: (1) Latina had an application for a Class A construction permit "pending or granted as of February 22, 2012"; (2) prior to the *Order*, Latina's WDYB was considered Auction-eligible by the FCC; (3) the FCC identified WDYB as Auction-eligible on seven occasions over the nine months preceding the *Order*; (4) Latina was denied due process when the

---

[4] Although Petitioners say this happened "[w]eeks later," *id.* at 5, it was more than 30 weeks later (from June 2015 to mid-February 2016), and after seven representations by the FCC—in Commission documents, in person, and in court papers—that Latina was Auction-eligible.

[5] *Expanding the Economic and Innovation Opportunities of Spectrum Through Incentive Auctions*, Order on Reconsideration, GN Docket No. 12-268, FCC 16-12 ¶ 24 (Feb. 12, 2016) [App. 1020] ("*Order*").

2

FCC, without notice to Latina or an opportunity to be heard, stripped Latina of its eligibility in the *Order*; and, (5) Latina reasonably relied on the FCC's repeated representations concerning WDYB's eligibility.

Although Latina agrees with Petitioners' assessment that Latina "is entitled to protection," it is not necessarily the case, as Petitioners assert, that "[i]f Latina Broadcasters is entitled to protection … so are Petitioners." Pet. Ry. at 1, 3-7.

Because of the differences in circumstances, the Court should address Latina's and Petitioners' Petitions on their own merits.

## ARGUMENT

### I. THE FCC DID NOT FIND LATINA AND PETITIONERS SIMILARLY SITUATED, AND DID PROTECT LATINA

In footnote 183 of the FCC's *Second Order on Reconsideration*—the only place in that order where the FCC specifically mentioned Latina—the FCC did not find that Latina and Petitioners were similarly situated as to whether they should be eligible for the Auction. While noting that Latina "present[ed] arguments similar to those raised in the Abacus and Videohouse Petitions as to why the Commission should have decided in the *Incentive Auction R&O* to protect their stations in the repacking process," the FCC did not consider the arguments of Latina and another station owner, Asiavision, Inc., finding the arguments moot because of its dismissal of the other petitions. The FCC said:

3

> [T]o the extent Asiavision and Latina argue that the Commission should treat all similarly situated Class A stations the same if the Abacus and Videohouse Petitions are granted, their arguments are moot in light of our dismissal and denial of the Abacus and Videohouse Petitions. *See* Asiavision Opposition; Latina Partial Opposition. We will nonetheless treat these pleadings as informal comments.

*Second Order on Reconsideration* ¶ 53 n.183 [App. 768]. At no place in that order did the FCC say that Latina and Petitioners were similarly situated factually, as Petitioners contend. *See* Pet. Br. at 49-50. The FCC also did not say, as Petitioners' contend, that Latina's "petition would otherwise have been denied for the same reasons as Videohouse's reconsideration petition." *Id.* at 27. All the FCC said was that, to the extent Latina argued that all similarly situated Class A stations should be treated the same if Abacus and Videohouse's petitions were granted, that argument was moot in light of the FCC's denial of those petitions.

In addition, contrary to Petitioners' claim, the FCC did not "acknowledge" in its Brief in Response here that "Petitioners were right" in claiming that they are similarly situated with Latina. *See* Pet. Ry. at 6 (citing FCC Br. at 38 n.16). All the FCC said was that, in light of the *Order*'s stripping Latina of eligibility, Petitioners and Latina were *now* "identically situated" because "none of them were [sic] eligible to participate in the reverse auction." FCC Br. at 38 n.16.

In a separate part of the *Second Order on Reconsideration*, the FCC issued a declaratory ruling extending Auction eligibility and repacking protection to

4

"stations in addition to [KHTV] that hold a Class A license today and that had an application for a Class A construction permit pending or granted as of February 22, 2012." *Declaratory Ruling* ¶ 62 [App. 773-74]. Latina met both criteria. *See* Petitioner's Emergency Motion for Stay Pending Appeal, *Latina Broadcasters of Daytona Beach, LLC v. FCC*, Nos. 16-1065, 16-1069, at 7-8 (filed Feb. 26, 2016) ("Latina Stay Mot."); Petitioner's Reply in Support of Emergency Motion for Stay Pending Appeal, *Latina Broadcasters of Daytona Beach, LLC v. FCC*, Nos. 16-1065, 16-1069, at 1, 5-6 (filed Mar. 7, 2016) ("Latina Stay Ry."). Contrary to Petitioners' contention, the FCC's *Declaratory Ruling* explains why the FCC accorded protection for Latina, and why Latina was treated differently than Petitioners, who, unlike Latina, did not meet both criteria. *Cf.* Pet. Br. at 27. Thus, there was nothing "under-the-table," as Petitioners' suggest, about the FCC's protection of Latina. *Cf.* Pet. Ry. at 1.

Consistent with its *Declaratory Ruling,* the FCC on seven occasions over nine months affirmed that WDYB was among those stations to be protected, including on official lists and other documents identifying WDYB as an eligible station, and at a meeting with FCC officials, who confirmed that WDYB was eligible in accordance with the *Declaratory Ruling*. Most recently, in a brief to this Court filed on December 28, 2015, the FCC represented that it had extended protection to "stations in addition to KHTV-CD that hold a Class A license today

5

and that had an application for a Class A construction permit pending or granted as of February 22, 2012." FCC Opp'n, *In re Videohouse*, No. 15-1486, at 7-8 (D.C. Cir., filed Dec. 28, 2015) ("FCC Mandamus Opp'n"). It elaborated that "*[o]ne of those stations is WDYB-CD.*" *Id.* n.2 (emphasis added). In so doing, the FCC said that the circumstances surrounding Latina's station were distinguishable from those of Petitioners' stations. *Id.* at 7-8.

Thus, contrary to Petitioners' suggestion, there was no mistake in the FCC's determination that WDYB was Auction-eligible. Nevertheless, the FCC, without proper notice to Latina or an opportunity to be heard, improperly did an about-face on WDYB's eligibility in its *Order*.[6] That is the subject of Latina's appeal.

## II. THE MERITS OF LATINA'S CASE ARE DIFFERENT FROM THE MERITS OF PETITIONERS' CASE

While it may be the case that both Latina and Petitioners succeed on the merits of their Petitions, it does not necessarily follow that if the Court concludes that Latina should receive protection, then Petitioners must as well. Without getting into the merits of Petitioners' appeal, Latina's case rests, in part, on matters that are unique to Latina. Unlike Petitioners, the FCC previously determined that

---

[6] Among other things, the FCC, at the eleventh hour, attempted to introduce a new criterion for eligibility: having a "live" Class A construction permit or application pending or granted as of February 22, 2012. *See Order* ¶ 20 [App. 1033-34]. The FCC's *Declaratory Ruling* made no reference to "live" applications, and its concerns about having an "official commitment" to operate like a Class A station as of February 22, 2012 had been satisfied by WDYB. *See* Latina Stay Ry. at 3.

6

Latina was Auction-eligible, making seven representations to that effect, including to this Court.

Specifically, Latina's challenge rests partially on the FCC's denial of due process to Latina in stripping WDYB of eligibility in the *Order,* and Latina's reasonable reliance on the FCC's prior representations concerning Latina's eligibility. These arguments do not apply to Petitioners. Latina also argues that the FCC unjustifiably discriminated against Latina by excluding WDYB from protection while including KHTV. Although Petitioners make a similar type of argument, the similarities between WDYB and KHTV, and Petitioners' stations and KHTV are different. As the FCC itself explained to this Court, "Unlike petitioners' stations, WDYB had obtained in-core Class A construction permits before February 22, 2012." FCC Mandamus Opp'n at 7-8 n.2. Comparing WDYB and KHTV: (1) neither station had Class A status as of February 22, 2012; (2) both had Class A construction permits granted as of that date; and (3) both certified compliance with Class A rules before that date. *See* Latina Stay Mot. at 11-13. Further, only as to WDYB, the FCC in its *Order* improperly attempted to apply a new standard for considering WDYB's eligibility, and incorrectly ruled that WDYB did not meet that standard. Latina has challenged this in its appeal. As FCC Commissioner Pai concluded in dissent: "The decision to remove protection from Latina while maintaining it for KHTV is utterly indefensible." *Order* at 21

7

[App. 1040]. To be clear, Latina does not challenge the decision to protect KHTV, but instead argues that, having decided to do so, the FCC must protect WDYB as well.

## **CONCLUSION**

For the foregoing reasons, the Court should address the Petitions for Review filed by Petitioners and Latina on their own merits.

April 13, 2016                                  Respectfully submitted,

*/s/ David S. Wachen*
David S. Wachen
HCH LEGAL, LLC
6400 Goldsboro Road, Suite 215
Bethesda, MD 20817
(301) 800-0001
dwachen@hchlegal.com

*Counsel for Latina Broadcasters of
 Daytona Beach, LLC*

8

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 29(c) and (d), and 32(a)(7)(C), undersigned counsel certifies that this brief complies with the applicable type-volume limitations. This brief was prepared using a proportionally spaced type (Times New Roman, 14 point).

Exclusive of the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and D.C. Circuit Rule 32(e)(1), this brief contains 1,780 words. This certificate was prepared in reliance on the word-count function of the word processing application (Microsoft Word 2016) used to prepare this brief.

/s/ *David S. Wachen*
David S. Wachen

*Counsel for Latina Broadcasters of Daytona Beach, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2016, a copy of the foregoing was filed with the Court's CM/ECF filing system and served electronically on all parties.

/s/ *David S. Wachen*
David S. Wachen

*Counsel for Latina Broadcasters of Daytona Beach, LLC*